UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SIGNATURE SERVICES dba FARMERS MARKETPLACE; NF STADIUM, LLC,<br><br>　　　　　Defendants. | No.  2:22-cv-1266 DB<br><br><br><u>ORDER</u> |

　　　　This civil action has been directly assigned to the undersigned pursuant to the Local Rules, Appendix A(m).  Review of plaintiff's complaint finds that it alleges a federal claim for violation of the Americans with Disabilities Act, as well as California state law claims for violation of the Unruh Civil Rights Act and California Health and Safety Code.  (Compl. (ECF No. 1) at 2.)  The Court has supplemental jurisdiction over the state law claims.  A district court may decline to exercise supplemental jurisdiction over a state law claim "in exceptional circumstances."  28 U.S.C. § 1367(c)(4).

　　　　"When a 'high-frequency' litigant asserts a California Unruh Act claim in federal court with an ADA claim, it may constitute an exceptional circumstance that justifies dismissal of the Unruh Act claim."  <u>Whitaker v. Mission Edge Café, Inc.</u>, Case No. 21-cv-9362 CRB, 2022 WL 7127878, at *2 (N.D. Cal. Oct. 12, 2022).  "Such situations implicate strong federal–state comity

concerns because 'high-frequency' litigants can evade heightened California-law rules by filing Unruh Act claims with ADA claims in federal court." SCOTT JOHNSON, Plaintiff, v. KUMA KUMA LLC, Defendant., Case No. 22-cv-1368 CRB, 2022 WL 17418977, at *2 (N.D. Cal. Dec. 5, 2022).

Plaintiff, therefore, will be ordered to show cause as to why this Court should not find that "compelling reasons exist for declining supplemental jurisdiction over Plaintiff's Unruh Act claim." Brooke v. Sarodia Suncity LLC, Case No. EDCV 22-1374 JGB (SPx), 2022 WL 17363913, at *4 (C.D. Cal. Nov. 3, 2022). See generally Vo v. Choi, 49 F.4th 1167, 1172 (9th Cir. 2022) ("we see no reason to hold that the district court abused its discretion in determining there were compelling reasons to decline jurisdiction over the Unruh Act claim."); MIGUEL SOTO, Plaintiff, v. KEN YOUNG; and DOES 1 to 10, Defendants, CV 11-6874 RSWL SKx, 2022 WL 17222277, at *3 (C.D. Cal. Oct. 12, 2022) ("'exceptional circumstances' and 'compelling reasons' exist in this case to support the Court's decision to decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act and other state law claims"); Whitaker v. Jeong, Case No. 4:1`-cv-1262 YGR, 2022 WL 6837724, at *2 (N.D. Cal. Oct. 11, 2022) ("the Court finds that exceptional circumstances exist that justify declining jurisdiction over the Unruh Act claim"); Zendejas v. Alexene LLC, Case No. 1:1`-cv-8249 MEMF (JDEx), 2022 WL 17190269, at *5 (C.D. Cal. Oct. 7, 2022) ("Court DECLINES to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.").

Accordingly, IT IS HEREBY ORDERED that within fourteen days of the date of this order plaintiff shall show cause in writing as to why the Court should not decline to exercise supplemental jurisdiction over the complaint's state law claims.

Dated: January 23, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.consent/gilbert1266.osc.unruh